

# IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-14-00262-CR

_____

**JOHN DAYTON BROWN,**

                                       **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                       **Appellee**

_____

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. 21881

_____

## MEMORANDUM OPINION

_____

John Dayton Brown pled guilty to the offense of aggravated assault with a deadly weapon and was placed on deferred adjudication community supervision. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Less than a year later, he was adjudicated guilty and sentenced to ten years in prison.

Brown's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Brown was informed of his right of access to the appellate record and his right to submit a brief or other response on his own behalf. He did not request access to the appellate record and did

not submit a brief or response.

Counsel asserts in the *Anders* brief that counsel thoroughly and conscientiously reviewed the complete reporter's record and clerk's record. Counsel specifically discusses the prior history of the case, the sufficiency of the evidence to support Brown's conviction, and whether Brown was deprived the affective assistance of counsel. Counsel concludes that counsel is unable to find any potentially meritorious issues to assert and is of the opinion that the appeal is frivolous.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim.

App. 2005). Accordingly, we affirm the trial court's judgment.

Should Brown wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Brown is granted, and counsel is permitted to withdraw from representing Brown. Additionally, counsel must send Brown a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed February 26, 2015
Do not publish
[CR25]

